UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tranier Wylon Alexander,

       Petitioner,

                                         Criminal Case No. 11-20180
v.                                      Civil Case No. 16-10084
                                         Hon. Sean F. Cox

United States of America,

       Respondent.

_____/

**OPINION & ORDER**
**DENYING § 2255 MOTION AND DECLINING TO ISSUE A CERTIFICATE OF**
**APPEALABILITY**

In Criminal Case Number 11-CR-20180, Tranier Wylon Alexander ("Petitioner")

pleaded guilty, pursuant to a Rule 11 agreement, to one count of conspiracy to possess with

intent to distribute and to distribute controlled substances within a school zone and to use a drug-

involved premises. This Court sentenced Petitioner to a total term of imprisonment of 222

months.

The matter is now before the Court on Petitioner's *pro se* Motion to Vacate Sentence,

brought pursuant to 28 U.S.C. § 2255. Because the files and records of the case conclusively

establish that Petitioner is entitled to no relief as to the claims in this § 2255 motion, an

evidentiary hearing is not necessary and the matter is ready for a decision by this Court. For the

reasons set forth below, the Court shall **DENY** Petitioner's motion. The Court further declines

to issue a certificate of appealability.

**BACKGROUND**

Petitioner was one of six defendants indicted in this case. Petitioner was represented by

Attorney Antonio D. Tuddles.  In August 2011, a federal grand jury returned a first superseding

indictment, charging Petitioner with the following: (1) one count of conspiracy to possess with

intent to distribute and to distribute controlled substances within a school zone and to use a drug-

involved premises, in violation of 21 U.S.C. §§ 841(a)(1), 846, 856(a)(1), and 860(a); (2) eight

counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1); and (3) one count of

possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1).  (Doc. #59).  On

September 28, 2011, the Government filed a "sentencing enhancement information pursuant to

21 U.S.C. § 851," advising that Petitioner had a prior felony drug conviction.  (Doc. #79).

### Rule 11 Plea Agreement

On October 24, 2011, Petitioner pleaded guilty, pursuant to a Rule 11 Plea Agreement, to

Count One of the Indictment, which charged "Conspiracy to Possess with Intent to Distribute

Controlled Substances within a School Zone and to Use a Drug-Involved Premises, in violation

of 21 U.S.C. §§ 841(a)(1), 846, 856(a)(1), and 860(a)."  (Doc. #96, Rule 11 Plea Agreement, at

Pg ID 302-03).

Petitioner's Rule 11 Plea Agreement provided that either party could withdraw from the

agreement if the Court were to decide not to accept the parties' agreed upon sentence.  (*Id*. at Pg

ID 308).  The Agreement also contained an appellate-waiver provision that stated as follows:

> Defendant waives any right he may have to appeal his conviction.  If the sentence
> imposed does not exceed the maximum allowed by Part 3 of this agreement,
> defendant also waives any right he may have to appeal his sentence.  If the
> sentence imposed is within the guideline range determined by Paragraph 2B the
> government agrees not to appeal the sentence, but retains its right to appeal any
> sentence below that range.

(*Id*. at Pg ID 309).

Attached to the Plea Agreement were sentencing guideline worksheets, which listed

Petitioner's prior convictions and specified that Petitioner qualified as a career offender under

USSG § 4B1.1.  (*Id*. at Pg ID 312-18).  In the Rule 11 Plea Agreement, the parties agreed that

the applicable guideline range was 262-327 months.

**Presentence Report**

On January 10, 2012, the probation department prepared a presentence report ("PSR").

Petitioner's base offense level was calculated at 28 pursuant to United States Sentencing

Guideline U.S.S.G. § 2D1.1.  (PSR at ¶ 33).  Petitioner's base offense level was increased two

levels pursuant to U.S.S.G. § 2D1.1(b)(1) because he possessed a firearm.  (*Id*. at ¶ 34).  Another

four levels were added to Petitioner's base offense level because he was an organizer or leader of

a criminal activity pursuant to U.S.S.G. § 3B1.1(a).  (*Id*. at ¶ 36).  Chapter Four Enhancements

were applied because Petitioner was determined to be a career offender, which resulted in an

offense level of 37 pursuant to U.S.S.G. § 4B1.1.  (*Id*. at ¶ 39).  Petitioner received a three-level

acceptance of responsibility downward departure.  (*Id*. at ¶¶ 40-41).  Petitioner's total offense

level was calculated at 34.  (*Id*. at ¶ 42).  The PSR determined that the applicable guideline range

was 262-327 months of imprisonment.

The PSR identified the following prior convictions in support of the determination that

Petitioner was a career offender: (1) "Attempt Delivery/Manufacture (Narcotic or Cocaine) Less

Than 50 Grams;" (2) "Fleeing Police 3rd Degree;" (3) "Delivery/Manufacture (Narcotic or

Cocaine) Less Than 50 Grams;" and (4) "Delivery/Manufacture (Narcotic or Cocaine) Less Than

50 Grams."  (*Id*. at ¶¶ 44-47).

**Petitioner's Sentencing**

At sentencing, on March 30, 2012, the Government moved for a 10 to 15 percent

downward departure from the guideline range pursuant to U.S.S.G. § 5K1.1. (Doc. #214, Sentencing Transcript, at Pg ID 2225, 2231). The Government specifically recommended a range of 222 to 294 months and asked that the Court impose a sentence of 240 months. (*Id*. at 2226). In so doing, the Government acknowledged Petitioner's substantial assistance. (*Id*. at 2225, 2231).

Petitioner's trial counsel, Mr. Tuddles, asked the Court to accept the Rule 11 Plea Agreement. (*Id*. at 2222). Mr. Tuddles stated that neither he nor Petitioner had any objections to the to the Presentence Report. (*Id*. at 2229-30). Mr. Tuddles further asked for a variance amounting to half of what the Government had proposed. (*Id*. at 2228). Specifically, Mr. Tuddles asked that Petitioner be sentenced to 120 months. (*Id*.).

The Amended Judgment (Doc. #171), issued on April 20, 2012, indicates that Petitioner pleaded guilty to Count 1 of the Indictment. The remaining counts against Petitioner were dismissed. This Court sentenced Petitioner to a total term of 222 months – a term below the range specified in Petitioner's Rule 11 Plea Agreement.

**Petitioner's § 2255 Motion**

On January 11, 2016, Petitioner filed the instant *pro se* motion, seeking relief under 28 U.S.C. § 2255. (Doc. # 208, Pet. Br.). Petitioner asserts four grounds for relief.

As to Ground One, Petitioner contends that he was rendered ineffective assistance of counsel "because his counsel failed to explain the issues of leadership role enhancements, weapons enhancements or criminal history points." (*Id*. at Pg ID 2179).

As to Ground Two, Petitioner "contends that his sentence is in violation of his Constitutional Rights because he was enhanced on a sentence that did not fall within the scope of

a career criminal enhancement based on the sentencing structure that Michigan had in place

during the time that the instant offense occurred."  (*Id.* at Pg ID 2181).

As to Ground Three, Petitioner "contends that his sentence is unreasonable, unfair and in

violation of his Constitutional Rights and in violation of the United States Sentencing Guidelines

because the Government gave [Petitioner] an enhancement for a weapon under 2D1.1(b)(1) that

was neither in [Petitioner's possession, nor was it filed in any of the indictments against

[Petitioner]."  (*Id.* at Pg ID 2182).

As to Ground Four, Petitioner argues "that his sentence is in violation of his

Constitutional Rights due to the four (4) level enhancement under 3B1.1(a)."  (*Id.*).

**The Government's Response**

The Government filed a sealed response in opposition to Petitioner's motion on April 1,

2016.  (Doc. #217, Gov. Resp.).  In it, the Government argues that Petitioner's motion is

untimely under the applicable statute of limitations.  Alternatively, the Government argues that

Petitioner's claims also fail on the merits.

**STANDARD**

Petitioner's motion is brought pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under a sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence imposed was
> in violation of the Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such a sentence, or that the sentence was in excess
> of the maximum authorized by law, or is otherwise subject to collateral attack,
> may move the court which imposed the sentence to vacate, set aside, or correct
> the sentence.

28 U.S.C. § 2255(a).  To prevail on a § 2255 motion, "a petitioner must demonstrate the

existence of an error of constitutional magnitude which has a substantial and injurious effect or

influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).  A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) ("evidentiary hearings are not required when . . . the record conclusively shows that the petitioner is entitled to no relief.").  Because the files and records of the case conclusively show that Petitioner is not entitled to relief as to any of the claims in this § 2255 motion, an evidentiary hearing is not necessary and the matter is ripe for a decision by this Court.

## ANALYSIS

### A.      Petitioner's Motion is Barred By The Applicable Statute of Limitations

Petitioner's § 2255 motion–filed nearly 3 years after the date in which Petitioner's conviction became final–is time barred by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations.

#### 1.      Statute of Limitations

The AEDPA "provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631(6th Cir. 2012).  Specifically, 28 U.S.C. § 2255(f) mandates that a "1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner's motion fails to apprise the Court of any basis under which this Court could find the § 2255 motion timely.

### a. 28 U.S.C. 2255(f)(1)

Here, an amended judgment of conviction was entered on April 19, 2012. Because Petitioner did not appeal his conviction or sentence, the one-year statute of limitations period began to run 14 days after entry of the judgment. Fed. R. App. P. 4(b)(1)(A)(I); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-28 (6th Cir. 2004). To be timely under 28 U.S.C. § 2255(f)(1), Petitioner was required to file the instant motion by May 3, 2013. Instead, Petitioner filed the instant motion nearly 32 months after the period of limitations expired. (Pet. Br. at Pg ID 2184). Thus, Petitioner cannot rely on subsection (f)(1).

### b. 28 U.S.C. 2255(f)(2)

Nor is Petitioner's motion timely filed under 28 U.S.C. 2255(f)(2) because Petitioner does not claim that the Government impeded the filing of the instant motion.

### c. 28 U.S.C. 2255(f)(3)

Petitioner does not argue that he brings his motion pursuant to a newly recognized rule

made retroactive on collateral review.  However, Government's response notes that one of

Petitioner's four prior felony convictions–fleeing and eluding–qualified as a crime of violence

for purposes of the Career Offender Enhancement at the time of Petitioner's sentencing.  In light

of the new rule announced in *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Government

now "concedes that . . . convictions for fleeing and eluding (3rd degree) no longer qualify as

predicate crimes of violence."  (Gov. Resp. at Pg ID 2290, n.4).  Despite this, the Government

advances two arguments[1] as to why *Johnson* has no bearing on Petitioner's case.

　　　　While Petitioner's motion[2] makes no mention of *Johnson*, the Court shall err on the side

of caution and briefly address why *Johnson* is not implicated here, *i.e.* even if Petitioner argued

that his motion is timely under § 2255(f)(3) in light of *Johnson*, that claim would  fail as a matter

of law.

　　　　In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's ("ACCA")

residual clause–which defined a "violent felony" as "otherwise involv[ing] conduct that presents

a serious potential risk of physical injury to another"–was unconstitutionally vague.  *Johnson*,

135 S.Ct. at 2563.

　　　　Here, Petitioner was sentenced as Career Offender under the Sentencing Guidelines

---

[1] The Government advances two arguments as to why *Johnson's* holding has no effect on the instant motion.  First, the Government argues that *Johnson* does not apply retroactively to sentencing guideline-based claims on collateral review.  Second, the Government argues that the "Court need not address the application of *Johnson* in this case because [Petitioner] had at least two prior controlled substance offense convictions."  (*Id*. at 2291, n.4).  The Government appears to be arguing that Petitioner would have been classified a career offender even if the Fleeing and Eluding (3rd Degree) conviction did not apply to enhance his sentence.  The Court agrees with the Government's second argument.

[2] In his reply brief, Petitioner mentions the *Johnson* decision by name, but does not accompany this with any substantive analysis.

because it was determined that: (1) he was at least 18 years old at the time that the he committed

the instant offense; (2) that the instant offense of conviction is a felony that is either a crime of

violence or a controlled substance offense; and (3) that Petitioner had at least two prior felony

convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).

Only the third prong–whether there are two qualifying predicate convictions–could *arguably* be

at issue here.

Under the Sentencing Guidelines, a "controlled substance offense" is defined as any

offense "punishable by imprisonment for a term exceeding one year, that prohibits the

manufacture, import, export, distribution, or dispensing of a controlled substance ... or the

possession of controlled substance ... with intent to manufacture, import, export, distribute, or

dispense."  U.S. Sentencing Manual § 4B1.2(b).  The guidelines define a "crime of violence" the

same way a "violent felony" is defined under the ACCA, *i.e.* the guidelines have adopted the

same residual clause that the Supreme Court in *Johnson* determined was unconstitutional.[3]

The validity of Petitioner's sentence therefore depends on whether two or more of his

---

[3] It is not entirely clear whether the Supreme Court intended *Johnson* to apply
**retroactively** to sentencing guidelines-based claims.  Presumably, the Supreme Court will settle
whether *Johnson* applies to the Guidelines and whether it does so retroactively, in *Beckles v.
United States*.  For the time being, however, the Sixth Circuit has settled both questions.  In
*United States v. Pawlak*, 822 F.3d 902, 903 (6th Cir. 2016), the Sixth Circuit held that *Johnson's*
void-for-vagueness rationale applied to the Guidelines.  As to retroactivity, the Sixth Circuit in
*In re Patrick*, 2016 WL 4254929, at *3 (6th Cir. 2016), held that *Johnson* applied retroactively to
the Guidelines.
    However, the Court need not address this issue because three of Petitioner's four prior
convictions involved the controlled substance provision of the Sentencing Guidelines rather than
the residual provision.  *See United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining
that courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines'
residual clause where the petitioner's prior convictions qualify as predicate offenses independent
of the residual clause) (*overruled on other grounds by Mathis v. United States*, 136 S.Ct. 2243,
2251 n.1 (2016).

prior convictions qualify as "crimes of violence" or as "controlled substance offenses."  The

Court must identify the precise crime of conviction by employing a categorical approach, which

entails looking "only to the statutory definitions–elements–of a defendant's prior offense, and

not to the particular facts underlying [each individual] conviction[]."  *Descamps* v. *United States*,

133 S.Ct. 2276, 2283, 2285 (2013).

Here, Petitioner's PSR reveals that a sufficient number of his prior convictions

categorically qualify as predicate offenses independent of the residual clause.  (PSR at ¶¶ 44, 46,

47).  Specifically, three of Petitioner's prior convictions–the two Michigan convictions for

Delivery/Manufacture (Narcotic or Cocaine) and the Michigan conviction for Attempt

Delivery/Manufacture (Narcotic or Cocaine)–involved the controlled substances and carried

maximum penalties in excess of one year of incarceration.  *See* M.C.L. § 333.7401 (2)(a)(iv).

Therefore, these offenses were properly classified as qualifying predicate offenses under

§4B1.1(a)(3).  *See United States v. Carter*, 283 F.3d 755, 757-58 (6th Cir. 2002) (finding that

three convictions for sale of cocaine constitute three separate predicate offenses under 4B1.2).

Accordingly, *Johnson* is inapposite.  *See Garza v. United States*, 2016 WL 3682911, at *2 (E.D.

Mich. July 11, 2016) (sentence/career offender status that is predicated upon prior controlled

substance offense is unaffected by *Johnson*); *Russell v. United States*, 2016 WL 3951144 (E.D.

Tenn. July 19, 2016) (*Johnson* does not apply where prior drug offenses support characterization

as career offender status under the Sentencing Guidelines); *United States v. Jenkins*, 613 Fed.

App'x 754, 755 (10th Cir. 2015) (finding *Johnson* irrelevant where enhancement stemmed from

drug offenses).

Consequently, even if Petitioner argued that his motion was timely in light of *Johnson*,

which he did not, *Johnson* is inapplicable under the instant circumstances.  Thus, subsection

(f)(3) does not save Petitioner's untimely motion.  *See United States v. Fisher*, 2016 WL

3906644, at *3 (E.D. Ky. July 14, 2016) (holding that § 2255 motions brought under §

2255(f)(3) are untimely when *Johnson* is inapplicable to the Petitioner's sentence).

> ### d.       28 U.S.C. 2255(f)(4)

In his reply to the Government's response, Petitioner argues for the first time that his

motion is timely pursuant to § 2255(f)(4).  Specifically, Petitioner asserts that the statute of

limitations in his case began to run from the date on which the facts supporting his claims could

have been discovered through due diligence.  (Doc. #218, Pet. Reply at Pg ID 2326) (quoting 28

U.S.C. § 2255(f)(4)).  Petitioner contends that "'through the exercise of due diligence, and over

counsel's deficient performance' [Petitioner] discovered that he was prejudiced in his sentence,

and that his sentence is procedurally and substantially unreasonable due to counsel's failure to

provide effective assistance of counsel ..."  (*Id*. at Pg ID 2326).

Petitioner's attempt to bring his claims under section 2255(f)(4) fails.  First, Petitioner

does not point to any recently discovered *fact* that was not known or discoverable at the time that

his conviction became final.  Instead, Petitioner appears to be conflating his ability to discover

the facts underlying his ineffective state counsel claim, with his ability to recognize the legal

significance of such facts.  Second, even if Petitioner relied on newly discovered facts, Petitioner

fails to apprise the Court *when* such purported facts were discovered.   The Court is therefore left

to speculate as to the date in which the period of limitations began to run.

> ### 2.       The Doctrine of Equitable Tolling Is Not Applicable Here

"Equitable tolling allows courts to toll a statute of limitations when a litigant's failure to

meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotations omitted).

Petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal citations and quotations omitted). Petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *See McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Aside from "due diligence in research," Petitioner offers nothing to explain why his § 2255 motion is approximately 32 months late. Accordingly, Petitioner has failed to carry his burden of demonstrating that equitable tolling is warranted here.

**B.      The Court Declines To Issue A Certificate of Appealability**

A certificate of appealability must issue before a petitioner may appeal the district court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). 28 U.S.C. 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of a denial of a constitutional right. 28 U.S.C. 2253(c)(2).

When a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue only if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. Daniel*, 529 U.S. 473, 484-85 (2000).

The Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable. The Court shall therefore decline to issue a certificate of

appealability.

## CONCLUSION

For the foregoing reasons, Petitioner's § 2255 motion is **DENIED** as untimely and

**DISMISSED WITH PREJUDICE**.  **IT IS FURTHER ORDERED** that the Court

**DECLINES TO ISSUE** a Certificate of Appealability.

    **IT IS SO ORDERED**.


Dated:  October 24, 2016                    S/ Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Judge


I hereby certify that on October 24, 2016, the foregoing document was served on counsel of
record via electronic means and upon Tranier Wylon Alexander via First Class mail at the
address below:

Trainer Wylon Alexander 46359039
MCKEAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 8000
BRADFORD, PA


                                            S/ J. McCoy
                                            Case Manager