UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

TRANIER WYLON ALEXANDER,

     Defendant.

Case No. 11-cr-20180

Honorable Robert J. White

---

**ORDER DENYING DEFENDANT'S 18 U.S.C. § 3582(c)(2) MOTION**

---

This case is before the Court upon *pro se* Defendant Tranier Wylon Alexander's "Motion for Reduction of Criminal History Score 'Status' Points Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines." (ECF No. 240, PageID.2437).  For the following reasons, the Court denies the motion.

I.    **Background**

Defendant was sentenced, in an April 19, 2012 amended judgment and as a career offender, to serve 222 months' imprisonment following his guilty plea to one count of: conspiracy to possess with intent to distribute and to distribute controlled substances within a school zone and to use a drug-involved premises. (*See* ECF No.

225, PageID.2351-53, 2357-60; *see also* ECF No. 171; ECF No. 214, PageID.2225, 2233-42).

## II.    Analysis

Defendant argues that he is eligible for a reduction of his criminal history score pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines.  He "does not seek a sentence reduction," however.  Instead, Defendant seeks a reduction of his criminal history score only, asserting that this change would allow him to seek relief under the First Step Act.  Defendant argues that Amendment 821 reduced the number of criminal history points applicable to certain offenses, yet he fails to specify how the amendment affects this case specifically (for example, by stating what score should now apply). (ECF No. 240, PageID.2437-38).

18 U.S.C. § 3582(c)(2) permits a district court to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  For motions brought under § 3582(c), district courts must first determine the defendant's eligibility, i.e., whether the Sentencing Commission's changes actually lowered the defendant's guidelines range. *See Dillon v. United States*, 560 U.S. 817, 827 (2010); *United States v. Valentine*, 694 F.3d 665, 669 (6th Cir. 2012).

Amendment 821 contains two retroactive provisions.  Part A decreases status points by one point for defendants with seven or more criminal history points and

eliminates status points for defendants with six or fewer criminal history points.  Part B provides for a decrease of two offense levels for "zero-point offenders" (no criminal history points) whose offense did not involve specific aggravating factors.

As an initial matter, Defendant is not eligible for relief under § 3582(c)(2) because he is a career offender and, therefore, his sentencing range is unaffected by Amendment 821. *United States v. Goods*, No. 24-5960, 2025 U.S. App. LEXIS 8019, at *3-4 (6th Cir. Apr. 4, 2025) (unpublished) ("Amendment 821 did not lower Goods's sentencing range because his career-offender designation, and not his actual criminal history points, controlled the determination of his criminal history category."); *United States v. Bradshaw*, No. 2:05-cr-17-01, 2024 U.S. Dist. LEXIS 102476, at *3 (W.D. Mich. Jun. 10, 2024) ("Defendant [is] ineligible for a modification of sentence under 18 U.S.C. § 3582(c)(2) because, applying the retroactive amendments, his guidelines range did not change.  Applying Amendment 821, Defendant received only one status point instead of two so his criminal history score falls from 13 to 12.  Ordinarily, a defendant with a criminal history score of 12 has a criminal history category V.  But, because Defendant is considered a career offender . . . , his criminal history category remains VI.  And, because his criminal history category does not change, his guideline range does not change."); *see also United States v. Cook*, 870 F.3d 464, 468 (6th Cir. 2017) ("Defendant's status as a

career offender essentially trumps the range established under the drug quantity guidelines in Chapter Two.") (cleaned up).

Further, to the extent Defendant seeks revision of his criminal history score only, such relief is unavailable under § 3582(c)(2).  Indeed, the statute makes no specific mention of a defendant's criminal history score, and its plain language only permits the Court to act "based on a *sentencing range* that has subsequently been lowered." (Emphasis added).  As discussed, Amendment 821 does not lower Defendant's sentencing range, so his request for relief under § 3582(c)(2) is denied.

\* \* \*

For the reasons given, the Court ORDERS that Defendant's motion (ECF No. 240) is DENIED.

Dated: May 7, 2026                                       s/Robert J. White
                                                                     Robert J. White
                                                                     United States District Judge

4